IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK and MELISSA PICKEL,<br><br>                   *Plaintiffs*,<br><br>    v.<br><br>LANCASTER COUNTY CHILDREN AND<br>YOUTH SOCIAL SERVICES,<br>JADE LANDIS, NICOLE LAUZUZ,<br>CRYSTAL NATAN, KRYSTAL WNEK,<br>JASON DOYLE, STEPHANIE VAN CISCO<br>and KAYLA TEEPLES,<br><br>                   *Defendants*. | CIVIL ACTION NO. 18-CV-3400 |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
DEFENDANTS, LANCASTER COUNTY CHILDREN AND YOUTH SOCIAL
SERVICES, CRYSTAL NATAN, KRYSTAL WNEK, JASON DOYLE, STEPHANIE
VAN CISCO, AND KAYLA TEEPLES' MOTION FOR SUMMARY JUDGMENT**

      Defendants, Lancaster County Children and Youth Social Services ("LCCYA"), Crystal Natan ("Natan"), Krystal Wnek ("Wnek"), Jason Doyle ("Doyle"), Stephanie Van Cisco ("Van Cisco"), and Kayla Teeples ("Teeples") (hereinafter referred to collectively as the "County Defendants"), respectfully submit this Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment and aver as follows:

    I.    THE PARTIES

    1.    Plaintiffs Melissa Pickel ("Mrs. Pickel") and Mark Pickel ("Mark Pickel") (hereinafter referred to as "Plaintiffs") are the maternal grandmother and maternal step-grandfather of minor children Sean-Paul David Loraw Jr. ("S.P.L") and David Mark Loraw ("D.M.L."). *See* Am. Compl. [ECF 41] at ¶ 8.

2.   S.P.L. and D.L. were both on December 27, 2013, and May 7, 2017, respectively. *See* Memorandum Opinion and Order dismissing Plaintiff's adoption petition, *In re: Sean-Paul David Loraw, Jr.*, Civ. A. No. 1382 (Lancaster Cnty. Ct. Com. Pl. 2016) (Hoberg, J.) ("Hoberg Opinion"), attached hereto as Exhibit 23, at p. 1; Emergency Petition for Custody of D.M.L. filed by LCCYA on May 23, 2017, attached hereto as Exhibit 27, at p. 7, ¶ B.

3.   Plaintiffs reside in York County, Pennsylvania, with their three children, Daniella Pickel, Markella Pickel, and Zachery Pickel.  *See* Melissa Pickel Dep. Vol. 1, Ex. 1, at 7:22-8:4.

4.   Jazmin Loraw ("Mrs. Loraw"), Mrs. Pickel's daughter, and Sean Loraw ("Mr. Loraw") (collectively, the "Loraws") are the biological parents of S.P.L. and D.L. *See* Am. Compl. [ECF 41] at ¶¶ 19, 21.

5.   Mr. Pickel has no biological ties to S.P.L. or D.L.  *See* Melissa Pickel Dep. Vol. 1, Ex. 1, at 24:12-1; Deposition Transcript of Mark Pickel ("Mark Pickel Dep."), Ex. 3, at 16:1-14.

6.   Defendant Lancaster County Children and Youth Social Services Agency ("LCCYA") is a child welfare agency administered by Lancaster County that provides protective services to minor children living within the County.  *See* Deposition Transcript of Crystal Natan ("Natan Dep."), Ex. 5, at 17:6-22; Am. Compl. at ¶ 9; Relevant Portions of LCCYA's Policy and Procedure Manual, Ex. 41.

7.   At all relevant times, Defendant Crystal Natan served as LCCYA's Executive Director.  Deposition Transcript of Crystal Natan ("Natan Dep."), Ex. 5, at 15:24-16:4.

8.   At all relevant times, Defendants Teeples, Doyle, Van Cisco and Wnek worked for LCCYA as caseworkers or supervisors.  *See* Deposition Transcript of Kayla Teeples ("Teeples Dep."), Ex. 4, at 9:3-11:13; Relevant Portions of the Deposition Transcript of Jason

Doyle, Ex. 42, at 9:17-13:7; Deposition Transcript of Stephanie Van Cisco ("Van Cisco Dep."), Ex. 7, at 9:8-15, 16:21-23; Deposition Transcript of Krystal Wnek ("Wnek Dep."), Ex. 6, at 15:21-20:6.

### II. LCCYA INVESTIGATES ALLEGATIONS OF NEGLECT OF S.P.L.

9. In May 2015, the Loraws were referred to LCCYA for concerns of drug use and homelessness. *See* Ex 23 at p. 1.; Am. Compl. at ¶ 30.

10. LCCYA opened an investigation over concerns that S.P.L. was being neglected. *See* Teeples Dep., Ex. 4, at 11:13-12:9.

11. The investigation was initially assigned to Teeples. *See id.* at 11:2-12:2.

12. A safety plan was developed in July of 2015 that placed S.P.L. with his paternal grandmother, Karen Loraw, on the condition that the Loraws were not to have any unsupervised contact with S.P.L. *See id.* at 20:1-21:14.

13. Teeples later discovered that Karen Loraw was allowing S.P.L.'s parents to reside in her home overnight, in violation of the Safety Plan. *See id.* at 22:23-25:25.

14. Teeples, acting on the agency's behalf, petitioned the Lancaster County Court of Common Pleas' Juvenile Division (the "Juvenile Court") for custody of S.P.L. *See* Petition for Temporary Custody filed by LCCYA on August 14, 2015, *In re: SPL*, and Order granting Petition, attached hereto as Exhibit 9.

15. The petition was granted on August 14, 2015. *See id.*

16. On the same day, S.P.L. was placed with nonfamilial foster parents, John and Kristal Miller. *See id.*; Van Cisco Dep., Ex. 7, at 42:1-3.

17. S.P.L. has never lived full-time with Plaintiffs at any point in his life. *See* Plaintiffs' Verified Complaint for Custody, attached hereto as Exhibit 16, at ¶ 3; Melissa Pickel Dep. Vol. 1, Ex. 1, at 137:10-23; 177:17-19

18. During the first 16 months of his life, S.P.L. lived with the Loraws at both Karen Loraw's residence and the residence of Helen Fry, Jazmin's maternal grandmother. *See* Plaintiffs' Verified Complaint for Custody, attached hereto as Exhibit 14, at ¶ 3; Melissa Pickel Dep. Vol. 1, Ex. 1, at 137:10-23; 177:17-19.

19. Although Mrs. Pickel testified at her deposition that she cared for S.P.L. every weekend between January of 2014 to June of 2015, she later contradicted this testimony. *See* Melissa Pickel Dep. Vol. 1, Ex. 1, at 138:18-149:21; *see also* Plaintiffs' Verified Complaint for Custody, attached hereto as Exhibit 14, at ¶ 3 (disclaiming their contentions that S.P.L. lived with them at any point between December of 2013 to May of 2015).

20. There is no evidence, save for Plaintiffs' uncorroborated testimony, that Plaintiffs ever stood *in loco parentis* to S.P.L.[1] *See* Melissa Pickel Dep. Vol. 1, Ex. 1, at 129:7-144:17; Mark Pickel Dep., Ex. 3, at 33:12-35:24.

21. Plaintiffs admit that S.P.L. was in the custody of the Loraws at the time that LCCYA first became involved with the family in May of 2015. *See* Plaintiffs' Verified Complaint for Custody of S.P.L., attached hereto as Exhibit 14, at ¶ 3; Melissa Pickel Dep. Vol. 1, Ex. 1, at 137:10-23; 177:17-19.

### III. PLAINTIFFS APPLY TO BE A KINSHIP RESOURCE FOR S.P.L.

---

[1] *In loco parentis*, latin for "in the place of a parent," is a legal doctrine describing a relationship similar to that of a parent to a child. It refers to an individual who assumes parental status and responsibilities for another individual, usually a young person, without formally adoption that person. In order for a person to be considered *in loco parentis*, he or she must have intentionally assumed the rights and duties of a parent. *See* Peters v. Costello, 586 Pa. 102, 891 A.2d 705, 710 (Pa. 2005) (citing Black's Law Dictionary (7th Ed. 1991), 791).

4

22.     In August of 2015, after S.P.L. had been taken into agency custody, Plaintiffs reached out to the Agency and offered to be a kinship resource for S.P.L. *See* Melissa Pickel Dep. Vol. 1, Ex. 1, at 173:20-175:14.

23.     Wnek completed a study of Plaintiffs' home on September 8, 2015. *See* Preliminary Home Study Report, dated September 8, 2015, attached hereto as Exhibit 10; Wnek Dep., Ex. 6, at 40:14-18; Melissa Pickel Dep. Vol. 1, Ex. 1, at 181:9-23.

24.     LCCYA's Placement Review Committee ("PRC") later determined that Plaintiffs were not a suitable kinship resource. *See* Wnek Dep., Ex. 6, at 23:9-13, 30:1-12, 56:8-13.

25.     On November 5, 2015, LCCYA sent a letter to Plaintiffs notifying them that their kinship resource application had been disapproved. *See* Correspondence addressed to Plaintiffs, dated November 5, 2015, attached hereto as Exhibit 11.

26.     The reasons cited for the disapproval included a history of unstable housing and foreclosure, open civil complaints, child welfare agency involvement, and the needs of the other children in Plaintiffs' home.  *See id.*

27.     Plaintiffs admit that the reasons cited for disapproval are true and accurate. *See* Mark Pickel Dep., Ex. 3, at 29:16-32:30. Melissa Pickel has admitted that she has no firsthand knowledge that Wnek was motivated to provide biased information to the PRC.  *See* Melissa Pickel Dep. Vol. 1, Ex. 1, at 65:18-22.

28.     On November 23, 2015, Plaintiffs appealed the agency's decision on the basis that Plaintiffs wished to have S.P.L. placed in their home. *See* Adjudication and Order of Commonwealth of Pennsylvania Department of Human Services' Bureau of Hearings and Appeals dismissing Plaintiffs Appeal for lack of jurisdiction, dated January 12, 2016 ("BHA Order"), Ex. 13.

29. Plaintiffs did not appeal the agency's decision to disapprove Plaintiffs as kinship/resource parents. *See id.*

30. On December 8, 2015, the Commonwealth of Pennsylvania Department of Human Services' Bureau of Hearings and Appeals ("BHA") issued a Rule to Show Cause (the "Rule") to Plaintiffs to show cause why their appeal should not be dismissed on jurisdictional grounds. *Id.*

31. The Rule gave Plaintiffs thirty (30) calendar days to submit a response. *Id.*

32. Plaintiffs did not respond to the Rule, despite having received notice. *Id.*

33. On January 15, 2016, the BHA denied Plaintiffs' appeal. *Id.*

### IV. PLAINTIFFS' PETITION TO ADOPT S.P.L.

34. On August 15, 2016, after S.P.L. had been in agency custody for approximately twelve months, the Loraws' parental rights were terminated. *See* Order granting Termination of Parental Rights Petition, attached hereto as Exhibit 16.

35. S.P.L.'s Resource Parents filed a petition to adopt S.P.L. *See* Memorandum Opinion and Order issued by the Honorable Jay J. Hoberg of the Lancaster County Court of Common Pleas, attached hereto as Exhibit 23.

36. Plaintiffs filed a competing petition on November 7, 2016. *See* Plaintiffs' Verified Complaint for Custody of S.P.L., dated June 27, 2017, attached hereto as Exhibit 14. The Petition avers that S.P.L. never lived with Plaintiffs, but rather, lived with either the Loraws or his paternal grandmother, Karen Loraw, prior to agency involvement. *See id.* at ¶ 3.

37. The Lancaster County Court of Common Pleas' Orphans Court Division (the "Orphans Court") held hearings on the competing petitions over the course of four, non-

6

consecutive days. *See generally* Transcripts of Adoption Proceedings, Exs. 19-22; Hoberg Opinion and Order, Ex. 23, at p. 1.

38. On August 4, 2017, the Orphans Court dismissed Plaintiff's adoption petition. *See* Hoberg Opinion and Order, Ex. 23, at pp. 4-5.

39. S.P.L. was adopted by his Resource Parents on September 21, 2017. *See* Order for Termination of Court Supervision, *In re: S.P.L.*, dated September 21, 2017, Ex. 36.

## V. LCCYA OBTAINS CUSTODY OF D.M.L.

40. In early 2017, LCCYA learned that Mrs. Loraw was pregnant with her second child, D.M.L. *See* Van Cisco Dep., Ex. 7, at 47:5-18.

41. D.M.L. was born at Hershey Medical Center in Dauphin County, Pennsylvania, on May 7, 2017. *See* Melissa Pickel Dep. Vol. 2, Ex. 2, at 270:19-271:5; *see also* Allegations of Dependency contained in Petition for Emergency Custody of D.M.L., Ex. 27.

42. Both Mrs. Loraw and D.M.L. tested positive for cocaine at the time of D.M.L.'s birth. *See* Allegations of Dependency contained in Petition for Emergency Custody of D.M.L., Ex. 27; Van Cisco Dep., Ex. 7, at 45:21-25.

43. D.M.L. was placed in the hospital's neo-natal intensive care unit ("NICU") to treat his prematurity and drug exposure. *See* Van Cisco Dep., Ex. 7, at 45:21-25; *see also* Allegations of Dependency contained in Petition for Emergency Custody of D.M.L., Ex. 27.

44. Caseworker Van Cisco met with the Loraws on May 9, 2017, to discuss a possible placement for D.M.L. *See id.* at 57:21-58:11.

45. The Loraws told Van Cisco that they wanted the child placed with Plaintiffs. *See id*.

46.	Later the same day, Mrs. Loraw left Van Cisco a voicemail in which she stated that both she and her husband had signed their parental rights to D.M.L. over to Plaintiffs and that Van Cisco would need to "deal with Children & Youth in York County." *See* Van Cisco Dep., Ex. 7, at 61:23-62:3.

47.	On May 12, 2017, Plaintiffs filed a petition to adopt D.M.L. in the York County Court of Common Pleas. *See* Plaintiffs Petition to Adopt D.M.L., attached hereto as Exhibit 26.

48.	On May 15, 2017, while Plaintiffs' adoption petition was pending in York County, D.M.L. was transferred to Women & Babies Hospital in Lancaster County at his parents' request. *See* Van Cisco Dep., Ex. 7, at 65:13-66:7; Melissa Pickel Dep. Vol. 2, Ex. 2, at 296:6-19.

49.	On May 23, 2017, Van Cisco, acting on behalf of LCCYA, petitioned the Lancaster County Juvenile Court for custody of D.M.L. *See* Petition for Emergency Custody of D.M.L., dated May 23, 2017, and Order granting Petition, attached hereto as Exhibit 27.

50.	The Court granted the petition on the same day, and placed D.M.L. with nonfamilial resource parents. *See id.*

51.	On or around May 23, 2017, Van Cisco referred Plaintiffs to LCCYA's Resource Unit for Wnek to determine whether the Plaintiffs were a suitable kinship resource for D.M.L. *See* Melissa Pickel Dep. Vol. 2, Ex. 2, at 329:22-330:5; *See also* E-mail Correspondence from Brittany Ingold to Van Cisco, dated May 23, 2017, attached hereto as Exhibit 47.

52.	On May 29, 2017, Plaintiffs sent Van Cisco a copy of their adoption petition via e-mail. Attached to the same e-mail was a document titled Temporary Guardianship Form that was executed by the Loraws. *See* Melissa Pickel Dep. Vol. 2, Ex. 2, at 309:9-312:18; *see also* Temporary Guardianship Form, attached hereto as Exhibit 24; Agreement between prospective

8

adoptive parents and natural mother, executed by Jazmin Loraw and Plaintiffs, attached hereto as Exhibit 25.

53. The Temporary Guardianship Form was never filed with the Pennsylvania Court of Common Pleas and had no legal effect. *See id.* at 312:14-24.

54. On June 12, 2017, following an adjudication hearing, the Juvenile Court declared D.M.L. dependent, and order that the agency's goal should be to find him a permanent, adoptive placement. *See* Order of Adjudication and Disposition – Child Dependent, *In re: D.M.L.*, dated June 12, 2017, attached hereto as Exhibit 29.

55. The Court directed LCCYA to determine what obligation it had, if any, to intervene in Plaintiffs' adoption proceedings. *See id.*

56. In July of 2017, LCCYA filed a motion to intervene in the adoption proceedings pending in York County. *See* Motion to Intervene, attached hereto as Exhibit 32.

57. LCCYA also wrote to the York County Orphans Court to raise concerns that York County did not have jurisdiction over Plaintiffs' adoption petition. *See* Correspondence from LCCYA to York County Orphans Court, dated July 28, 2017, attached hereto as Exhibit 31.

58. On August 3, 2017, the York County Orphans Court held a hearing to consider Plaintiffs' adoption petition. *See* Transcript of Proceedings held on August 3, 2017, before the Honorable John S. Kennedy of the York County Orphans Court, *In re:* Adoption of D.M.L., attached hereto as Exhibit 33, at 2:16-18.

59. The Court dismissed Plaintiffs' adoption petition, without prejudice, on jurisdictional grounds, and directed Plaintiffs to refile the petition in Lancaster County. *See id.* at 13:21-14:15.

60. Plaintiffs never refiled their petition to adopt D.M.L. *See* Melissa Pickel Dep. Vol. 2, Ex. 2, at 334:9-19.

### VI. LCCYA DISAPPROVES PLAINTIFFS AS A KINSHIP RESOURCE FOR A SECOND TIME

61. After Plaintiffs' adoption petition was dismissed, LCCYA moved forward with determining whether Plaintiffs were a suitable kinship resource for D.M.L. *See* Van Cisco Dep., Ex. 7, at 73:4-74:14; Melissa Pickel Dep. Vol. 2, Ex. 2, at 336:14-17.

62. Wnek was tasked with performing another study of Plaintiffs' household. *See* Wnek Dep., Ex. 6, at 58:15-18, 59:24-67:12

63. Wnek visited Plaintiffs' home on September 11, 2017. *See id.*; *see also* Preliminary Home Study, dated September 11, 2017, Ex. 48.

64. Wnek found Plaintiffs' home in worse condition that it had been in September 2015. *See generally* Wnek Dep., Ex. 6, at 59:24-67:12; *see also* Preliminary Home Study, dated September 11, 2017, Ex. 48.

65. LCCYA sent Plaintiffs a letter on December 19, 2017, notifying them that their kinship application had been denied. *See* Letter to Plaintiffs disapproving kinship application, dated December 19, 2017, attached hereto as Exhibit 37; Wnek Dep., Ex. 6, at 70:3-7.

66. Plaintiffs appealed the agency's decision to the BHA. *See* Plaintiffs' appeal to BHA, dated February 28, 2018, attached hereto was Exhibit 45.

67. On April 24, 2018, the BHA mailed the parties a letter advising them that a hearing on the merits was scheduled for June 28, 2018. *See* Administrative Adjudication of Plaintiffs' appeal to BHA and Order adopting administrative law judge's recommendation, attached hereto as Exhibit 46.

68. On June 28, 2018, at approximately 8:46 a.m., BHA received a call from Mrs. Pickel who said she would not be attending the hearing.  *See id.*

69. At approximately 9:16 a.m., an administrative law judge convened the hearing. *See id.*

70. The ALJ held the hearing in recess for a half hour to allow Plaintiffs time to arrive at court.  *See id.*

71. At approximately 9:45 a.m., the ALJ reconvened the hearing; however, Plaintiffs never appeared for the hearing.  *See id.*

72. LCCYA moved for a dismissal of the appeal based, *inter alia*, on Plaintiffs' failure to appear for the hearing.  *See id.*

73. On July 24, 2019, BHA dismissed Plaintiffs' appeal.  *See id.*

74. The Lancaster County Juvenile Court terminated the Loraws' parental rights as to D.M.L. on February 12, 2018.  *See* Order granting LCCYA Petition to terminate the parental rights of Jazmin Loraw and Sean Loraw to D.M.L., dated February 12, 2018, attached hereto as Exhibit 39.

75. D.M.L. was adopted by his Resource Parents on May 22, 2019.  *See* Order for Termination of Court Supervision, *In re: DML,* dated May 22, 2019, attached hereto as Exhibit 40.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

By: _____
JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
MONICA L. SIMMONS, ESQUIRE
Attorney ID No. 323605
2000 Market Street, Suite 2300
Philadelphia, PA  19103
P: (215) 575-2871/2658; F: (215) 575-2871
E-mail:  jpgonzales@mdwcg.com
             mlsimmons@mdwcg.com
*Counsel for the County Defendants*

Date: December 9, 2019